UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| *IN RE* TARIFFS COLLECTED IN RELIANCE ON INTERNATIONAL EMERGENCY ECONOMIC POWERS ACT (IEEPA) | : : : : : : : : : | Before: Richard K. Eaton, Judge |

## **ORDER**

On February 20, 2026, the United States Supreme Court, in a consolidated case that included *V.O.S. Selections, Inc. v. United States*, No. 25-00066, held that the International Emergency Economic Powers Act ("IEEPA")[1] "does not authorize the President to impose tariffs." *Learning Res., Inc. v. Trump*, 607 U.S. 229, 255 (2026). On March 2, 2026, the U.S. Court of Appeals for the Federal Circuit returned the *V.O.S.* mandate to this Court, and on March 4, 2026, the court, in the related case of *Atmus Filtration, Inc. v. United States*, issued an order directing liquidation or reliquidation of entries that were subject to IEEPA duties. *Atmus Filtration, Inc. v. United States*, No. 26-01259, ECF No. 21; *see also V.O.S. Selections, Inc. v. United States*, No.

---

[1]   IEEPA, enacted in 1977, "gives the President economic tools to address significant foreign threats." *Learning Res.*, 607 U.S. at 237 (citation omitted). Pursuant to the statute, the President may

> investigate, block during the pendency of an investigation, regulate, direct and compel, nullify, void, prevent or prohibit, any acquisition, holding, withholding, use, transfer, withdrawal, transportation, importation or exportation of, or dealing in, or exercising any right, power, or privilege with respect to, or transactions involving, any property in which any foreign country or national thereof has any interest.

*Id.* (quoting 50 U.S.C. §§ 1701(a), 1702(a)(1)(B)). As noted above, the statute does not grant the President the authority to impose tariffs.

25-00066, ECF No. 73 (mandate). The natural result of the order was that the unlawfully assessed duties would be refunded.

On March 6, 2026, at a conference in the *Atmus Filtration* case, the Government acknowledged that it would, at least in part, comply with the court's order by constructing a voluntary system for liquidation or reliquidation of certain entries without regard to IEEPA duties. Also on March 6, 2026, the court suspended immediate compliance with its order. *Atmus Filtration v. United States*, No. 26-01259, ECF No. 33. Thereafter, the Government constructed the voluntary Consolidated Administration and Processing of Entries ("CAPE") system that commenced receiving declarations from importers on April 20, 2026. The CAPE system has expanded since April 20, 2026, to cover more categories of entries and, as of July 10, 2026, has accepted for processing approximately $121.75 billion in anticipated refunds. To date, approximately $86.3 billion in refunds have been sent to the U.S. Department of Treasury for disbursement.

While the *V.O.S.* case made its way through the courts, importers brought suit in this Court seeking the refund of amounts they had deposited as IEEPA duties. These lawsuits now number in excess of 3,700 cases. At various points and in various proceedings, the Government has represented that it will refund estimated IEEPA duty deposits to Plaintiffs that challenge the duties in court. To date, it has been the Government's position that a court order directing the reliquidation of entries, whose liquidation has become final, would be necessary to provide the Government with the authority to reliquidate these finally liquidated entries[2] and thus to provide complete relief to Plaintiffs in the cases. This order provides the Government with that legal authority.

---

[2] The term "finally liquidated entries" refers to entries that have been liquidated for more than 90 days and are thus beyond the period for reliquidation set out in 19 U.S.C. § 1501. To date, the CAPE system has not accepted for processing any finally liquidated entries, nor any entries that have been liquidated for more than 80 days. *See Atmus Filtration, Inc. v. United States*, No. 26-01259, ECF No. 51 ¶ 15(c). The 80-day time limit aimed to avoid an entry's liquidation

In accordance with this order, to successfully submit a CAPE declaration for finally liquidated entries, Plaintiffs must first submit to U.S. Customs and Border Protection certain information, including their importer of record identification number(s). Instructions describing how to make this submission will be sent to Plaintiffs' counsel. Plaintiffs need not take any further action in order to receive these instructions. Once the instructions have been received and followed, a CAPE declaration may be submitted. As to the CAPE declarations themselves, more than one may be submitted, particularly for entries that become finally liquidated subsequent to the filing of the initial declaration.

While the purpose of the order is to provide Plaintiffs with complete relief, it is possible that some Plaintiffs will require further assistance from the court for all refunds to be paid. Thus, the court is issuing an order rather than a judgment, so that Plaintiffs needing the court's assistance may, in accordance with the applicable time periods in the USCIT Rules, move to lift the stay on their case and file a motion to reconsider this order or otherwise move.

Finally, the court assumes that, prior to the issuance of this order, a majority of Plaintiffs will have taken advantage of the CAPE system to obtain refunds, and anticipates that any Plaintiffs that have received all the relief sought will move to voluntarily dismiss their case.

Accordingly, it is hereby

---

from becoming final after it was submitted to CAPE but before the entry was processed. *Id.* ("CAPE Phase 1 will accept CAPE Declarations containing entries liquidated within the preceding 80 days to ensure that processing is complete and the entries are reliquidated by the 90th day to meet the agency's legal timeframe for voluntary reliquidation pursuant to 19 U.S.C. § 1501."). This order directs reliquidation of all entries that have been liquidated for more than 80 days, thus directing reliquidation of both finally liquidated entries and entries that may become final while being processed by CAPE. Therefore, for the Government, this order provides the authority to reliquidate all of Plaintiffs' liquidated entries subject to IEEPA duties, including finally liquidated entries.

**ORDERED** that U.S. Customs and Border Protection shall reliquidate, without regard to IEEPA duties, any and all of Plaintiffs' entries that have been liquidated for more than 80 days and on which Plaintiffs made estimated deposits pursuant to IEEPA. For the purposes of this order, reliquidation of entries that have been liquidated for more than 80 days is subject to Plaintiffs' counsel's submission to U.S. Customs and Border Protection of Plaintiffs' importer of record identification number(s), in accordance with instructions to be provided by U.S. Customs and Border Protection and conveyed to Plaintiffs' counsel. Also, for the purposes of this order, reliquidation shall occur only following U.S. Customs and Border Protection's acceptance of Plaintiffs' CAPE declarations; it is further

**ORDERED** that, for the avoidance of doubt, nothing in this order addresses issues concerning duty free de minimis treatment under 19 U.S.C. § 1321 that are otherwise before this Court. *See Axle of Dearborn, Inc. v. Department of Commerce et al.*, No. 25-00091; and it is further

**ORDERED** that this action remains stayed except to the extent this order directs specific actions by the parties.

/s/ Richard K. Eaton
Judge

Dated:     July 17, 2026
          New York, New York